UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| NICHOLAS SANDMANN, by and through his parents and natural guardians, TED SANDMANN and JULIE SANDMANN, | CASE NO. 2:19-CV-00019-WOB-CJS |
| | JUDGE WILLIAM O. BERTELSMAN |
| Plaintiffs, | |
| v. | |
| WP COMPANY, LLC, d/b/a THE WASHINGTON POST, | |
| Defendant. | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
NOTICE OF FILING OF ADDITIONAL VIDEO

On October 18, 2019, pursuant to instructions by this Court during the October 16, 2019 hearing on Plaintiff's Motion for Relief from Judgment, for Reconsideration of Dismissal with Prejudice, and for Leave to Amend Complaint (the "Motion" [Doc. 49]), Nicholas conventionally filed exhibits in the form of seven (7) DVDs. (Doc. #58). Those DVDs included all of the videos to which links were provided in Nicholas' proposed First Amended Complaint attached to the Motion. Thereafter, on October 23, 2019, the Post filed a Response to Plaintiff's Notice of Filing of Exhibits (DVDs) and Notice of Filing of Additional Video ("Post's Response"). (Doc. # 61). In a footnote at the bottom of the final page of its Response, the Post admits that the submitted video (which is clearly on its face an edited compilation of several videos) was first published by the Post on January 23, 2019 (the "Post Video").

Without seeking leave of Court or additional briefing being requested by this Court, the Post used the filing of the additional video as an excuse to file yet another 4-page brief with the

1

Court in a last-ditch effort to argue its incorrect legal and factual contentions. In doing so, the Post highlights why discovery is necessary in this case to develop a full factual record and why the Post should have had serious doubts as to the truthfulness of Phillips' factual narrative:[1]

(1)    The Post Video demonstrates that Phillips is lying when he says that he was "surrounded" and "blocked" and "that young man blocked my retreat." (Post Video at 3:08-3:11). To the contrary, at several points in the Post Video, it is clear that Phillips was not blocked or surrounded.  Although there were people behind Phillips, they were at a distance – and none of those people appear to be Covington Catholic students.  The only people behind Phillips appear to be his own people, who were either banging drums or holding up cameras to capture the incident:



(Post Video at :38; *see also* Post Video at 4:48 (same))

---

[1] As the movant, Nicholas is entitled to the last word in support of his Motion, and therefore files this short and succinct response to the Post's "Notice," which is actually a supplemental brief in the guise of a Notice of Filing.



(Post Video at 4:38; *see also* Post Video at 4:06-4:07).  We do not know for certain, however, who any of the people behind Phillips are – we know only that none of them appears to be wearing CovCath-branded clothing or MAGA clothing.   And none of them appears to be "blocking [Phillips'] retreat."   Discovery is necessary to determine who these people are and whether "Phillips's account was substantially accurate" as the Post contends, (Post's Response at 3), or whether Phillips was lying, as Nicholas has contended in his First Amended Complaint.

(2)     Phillips was lying when he said that "we were surrounded" and "no matter which way we went, we would have to go through that mob." (Post Video at 2:31-2:36).  To the contrary, the Post Video demonstrates that, as Nicholas has alleged in his First Amended Complaint, Phillips and his followers had a clear path up the steps to the Lincoln Memorial but instead chose to walk over to the students:



(Post Video at 2:35).  Again, the Post Video shows that no one was behind Phillips aside from his own followers.

(3)      The video demonstrates that Phillips was lying when he said that "I stopped and thought okay, I'm going to take another step, but he wouldn't move.  I took another step and he wouldn't move."  (Post Video at 3:07-3:19).  The Post Video shows clearly as Phillips is asserting during his narrative that he was "tak[]ing another step," in fact, he was standing still in front of Nicholas.   Additionally, the Post Video demonstrates that Phillips was free to walk away unimpeded:

4



(Post Video at 4:12).

The Post, quoting a secondary authority, advises this Court that "[w]hether a statement is one of fact or opinion is a question of law that the Court must decide based on its careful evaluation of the article in its entirety."  (Post's Response at 2).  The Post fails to admit the rest of that legal principle, however – if the answer is unclear, the question must be determined by a jury:

> The critical determination of whether an allegedly defamatory statement constitutes fact or opinion if a question of law for the court. . . .  ***If the court concludes the statement could reasonably be construed as either fact or opinion, the issue should be resolved by a jury***.

*Campanelli v. Regents of Univ. of Cal.*, 44 Cal. App. 4th 572, 578 (1996) (emphasis added).  In this case, the Post repeatedly attempts to impose on this case its own supposition as to what Phillips felt or intended.  (*See, e.g.*, Post's Response at 3 ("It is easy to understand in these circumstances how Phillips felt 'blocked' and unable 'to retreat.'").  This case, however, is before the Court on a motion to dismiss, and the Post's factual allegations as to what Phillips may have felt or seen or reported are irrelevant.  Nicholas has properly alleged in his First Amended Complaint that Phillips

created a false factual narrative for his own purposes, and Nicholas is entitled to discovery so that Phillips' actions, and the Washington Post's negligence, can be judged based on a fully developed factual record.

Respectfully submitted this 24th day of October, 2019.

**L. LIN WOOD, P.C.**

*/s/ L. Lin Wood*
L. Lin Wood (will seek admission *pro hac vice*)
lwood@linwoodlaw.com
Nicole Jennings Wade (will seek admission *pro hac vice*)
nwade@linwoodlaw.com
G. Taylor Wilson (will seek admission *pro hac vice*)
twilson@linwoodlaw.com
Jonathan D. Grunberg (will seek admission *pro hac vice*)
jgrunberg@linwoodlaw.com

1180 W. Peachtree Street, Ste. 2040
Atlanta, GA 30309
Tel: 404-891-1402
Fax: 404-506-9111

**Hemmer DeFrank Wessels, PLLC**

*/s/ Todd V. McMurtry*
Todd V. McMurtry
Kentucky Bar No. 82101
tmcmurtry@hemmerlaw.com
Kyle M. Winslow
Kentucky Bar No. 95343
kwinslow@hemmerlaw.com

250 Grandview Drive, Ste. 500
Ft. Mitchell, KY 41017
Tel: 859-344-1188
Fax: 859-578-3869

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ Nicole Jennings Wade
Plaintiff's Counsel
