IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:19-00019 (WOB-CJS)

**NICHOLAS SANDMANN**                                                      PLAINTIFF

VS.                                                        <u>ORDER</u>

**WP COMPANY LLC, d/b/a
THE WASHINGTON POST**                                            DEFENDANT

This matter is before the Court on the motion of the plaintiff for relief from judgment under Rule 60, reconsideration of the Court's previous Order granting defendant's motion to dismiss under Rule 59, and for leave to amend the complaint. (Doc. 49). A proposed First Amended Complaint has been tendered. (Doc. 49-2). Defendant has opposed this motion (Doc. 50), and plaintiff filed a reply. (Doc. 51).

The Court heard oral argument on this motion on October 16, 2019. (Doc. 57).

Federal Rule of Civil Procedure 15(a)(2) states that the Court "should freely give leave [to amend] when justice so requires." "Denial of leave to amend is disfavored; and a district judge should grant leave absent a substantial reason to deny." 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.14[1] (Supp. 2019).

In the interest of moving this matter along, the Court will not set forth here a detailed analysis of the Proposed Amended Complaint, which is lengthy and highly detailed.

The Court first notes that the statements alleged by plaintiff to be defamatory have not changed in the proposed First Amended Complaint. They are the same 33 statements alleged in the original Complaint and set forth in the chart attached to the Court's July 26, 2019 Opinion and Order (Doc. 47).

The Court will adhere to its previous rulings as they pertain to these statements **except** Statements 10, 11, and 33, to the extent that these three statements state that plaintiff "blocked" Nathan Phillips and "would not allow him to retreat." Suffice to say that the Court has given this matter careful review and concludes that "justice requires" that discovery be had regarding these statements and their context. The Court will then consider them anew on summary judgment.[1]

The Court also notes that the proposed First Amended Complaint makes specific allegations concerning the state of mind of Phillips, the principal source of these statements. It alleges in greater detail than the original complaint that Phillips deliberately lied concerning the events at issue, and that he had

---

[1] The Court has reviewed the videos filed by both parties and they confirm this conclusion.

an unsavory reputation which, but for the defendant's negligence or malice, would have alerted defendant to this fact.

The proposed First Amended Complaint also alleges that plaintiff could be identified as the subject of defendant's publications by reason of certain photographs of plaintiff and the videos. This should also be the subject of proof.[2]

Of course, these allegations will be subject to discovery and summary judgment practice. However, they do pass the requirement of "plausibility." *See generally* 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[1] (Supp. 2019).

Therefore, the Court being advised,

**IT IS ORDERED** that:

1) The motion of the plaintiff for relief from judgment under Rule 60, reconsideration of the Court's previous Order granting defendant's motion to dismiss under Rule 59, and for leave to amend the complaint (Doc. 49) be, and is hereby, **GRANTED IN PART AND DENIED IN PART**, consistent with the above discussion;

2) The judgment (Doc. 48) previously entered herein be, and is hereby, **SET ASIDE AND HELD FOR NAUGHT**;

3) The proposed First Amended Complaint (Doc. 49-2) shall be **DEEMED FILED CONCURRENTLY HEREWITH**; and

---

[2] The Court notes that defendant has acknowledged that the "blocking" statement concerned plaintiff. (Doc. 61 at 2).

4) Pursuant to Fed. R. Civ. P. 26(f), a scheduling conference is hereby **SET FOR TUESDAY, DECEMBER 3, 2019 AT 1:00 P.M.** in the Court's third floor conference room.  The parties must comply with all requirements of the Federal Rules of Civil Procedure in preparation for such conference.  The Court will, *inter alia*, set discovery deadlines at this conference, resolve any anticipated issues regarding discovery to the extent possible, and set a deadline for the filing of motions for summary judgment.

The scheduling conference will also serve as a preliminary pretrial conference which will address the following:

   a. Will the defendant seek to file a third-party complaint against the other media entities or individuals who are alleged to have defamed plaintiff? *See* KRS 411.182, Fed. R. Civ. P. 14, 19?

   b. Should the cases now pending, or to be filed later, arising out of the same event be consolidated, as contemplated by KRS 411.182?

   c. Is the Court required to order the joinder of any parties under Fed. R. Civ. P. 19?

   d. The applicability, with regard to punitive damages, of *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *BMW of North America, Inc. v. Gore*, 517 U.S. 559

(196); and *Clark v. Chrysler Corp.*, 436 F.3d 594 (6th Cir. 2006).

This 28th day of October 2019.



Signed By:
*William O. Bertelsman* WOB
United States District Judge