UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| NICHOLAS SANDMANN, by and through his parents and natural guardians, TED SANDMANN and JULIE SANDMANN, | |
| Plaintiffs, | No. 2:19-cv-19-WOB-CJS |
| v. | |
| WP COMPANY LLC, d/b/a THE WASHINGTON POST, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## ANSWER OF DEFENDANT THE WASHINGTON POST

Defendant WP Company LLC d/b/a The Washington Post (hereafter "the Post"), by and through its undersigned counsel, hereby submits this Answer to Plaintiff's First Amended Complaint.

As an initial matter, the Post notes that a significant number of the paragraphs of the First Amended Complaint concern statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and that a response to those paragraphs is, therefore, not required.  In addition, the Post objects to the First Amended Complaint on the ground that it violates Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim."   Without waiving that objection, the Post denies all allegations in the numbered paragraphs and headings of the First Amended Complaint, except as admitted below:

1.        The Post admits that it is the publisher of a major daily newspaper published in Washington, D.C., *The Washington Post.*  The remaining allegations of paragraph 1 are immaterial and impertinent and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil

Procedure.  To the extent a response is required, those allegations are denied, except that the Post admits that it published an editorial cartoon in 1950 depicting buckets of tar and referring to former Senator Joseph McCarthy, which is publicly available and speaks for itself.

2.      The Post denies the allegations in paragraph 2.

3.      The Post denies the allegations in paragraph 3.

4.      The Post denies the allegations in paragraph 4.

5.      The Post denies the allegations in paragraph 5.

6.      The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and on that basis denies them.

7.      The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and on that basis denies them.

8.      The Post denies the allegations in paragraph 8.

9.      The Post denies the allegations in paragraph 9.

10.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and on that basis denies them.

11.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's history of political activism or aggressiveness and on that basis denies them.  The Post denies the remaining allegations in paragraph 11.

12.     The Post denies the allegations in paragraph 12.

13.     The Post denies the allegations in paragraph 13.

14.     The Post denies the allegations in paragraph 14.

15.     The Post denies the allegations in paragraph 15.

16.     The statements in paragraph 16 are immaterial and impertinent, *see* Fed. R. Civ. P. 12(f), and are not allegations of fact requiring a response.

17.     The Post denies the allegations in paragraph 17.

18.     The Post denies the allegations in paragraph 18.

19.     The Post denies the allegations in paragraph 19.

20.     The Post denies the allegations in paragraph 20, except to admit that it previously published articles that referenced Phillips.

21.     The Post denies that it published a false narrative and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and on that basis denies them.

22.     The Post denies the allegations in paragraph 22.

23.     The Post denies the allegations in paragraph 23.

24.     The Post denies the allegations in paragraph 24.

25.     The Post denies the allegations in paragraph 25.

26.     The Post denies the allegations in paragraph 26, except to admit that, during the same week as the confrontation between Plaintiff and Phillips, President Trump issued a tweet about Native Americans that speaks for itself.

27.     The statements in paragraph 27 concerning the Post's purported legal, moral, and social obligations are not allegations of fact requiring a response.  The Post denies the remaining allegations in paragraph 27.

28.     The Post denies the allegations in paragraph 28.

29.     The allegations concerning Jeff Bezos and the purchase price paid for the Post are immaterial and impertinent and should be stricken pursuant to Rule 12(f).  The Post denies the remaining allegations in paragraph 29 and denies that Plaintiff is entitled to any relief.

30.     The Post admits that Plaintiff attended the March for Life on a school trip on January 18, 2019.  The Post admits that Plaintiff attended Covington Catholic High School as of that date.  The Post lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and on that basis denies them.

31.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and on that basis denies them.

32.     The Post admits that Plaintiff was wearing a red Make America Great Again cap on January 18, 2019.  The Post lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and on that basis denies them.

33.     The Post denies the allegations in paragraph 33, except to admit that a group of men who identify themselves as Hebrew Israelites or Black Hebrew Israelites had gathered at the National Mall on January 18, 2019, and that one or more members of this group directed various epithets at students and others who had gathered near them at the Mall.

34.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and on that basis denies them.

35.     The Post denies the allegations in paragraph 35, except to admit that Nathan Phillips and a small group of companions participated in the Indigenous Peoples March at the National Mall on January 18, 2019.

36.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and on that basis denies them, except to admit that Phillips was singing the American Indian Movement song.

37.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and on that basis denies them, except to admit that the Hebrew Israelites had been insulting some teenagers and Native Americans, that Phillips approached the students while singing and playing a drum, and that at least one of his companions was dancing.

38.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and on that basis denies them, except to admit that some students shouted and gestured while Phillips played his drum and sang.

39.     The Post admits that Phillips walked up to a group of students.  To the extent paragraph 39 alleges that all students in the group attended Covington Catholic High School, the Post lacks knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis denies it.

40.     The Post denies the allegations in paragraph 40, except to admit that some of Phillips' companions were near him during his encounter with Plaintiff.

41.     The Post denies the allegations in paragraph 41.

42.     The Post denies that Phillips freely moved about and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and on that basis denies them.

43.     The Post denies the allegations in paragraph 43.

44.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies them.

5

45.     The Post denies the allegations in paragraph 45, except to admit that Phillips beat his drum and sang in front of Plaintiff.

46.     The Post denies the allegations in paragraph 46, except to admit that Phillips approached a crowd of students.

47.     The Post denies that Phillips made an incursion into the crowd and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and on that basis denies them.

48.     The Post denies the allegations in paragraph 48 or lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

49.     The Post denies the allegations in paragraph 49 or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and on that basis denies them.

50.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and on that basis denies them.

51.     The Post denies the allegations in paragraph 51, except to admit that Plaintiff stood still during at least part of his impasse with Phillips.

52.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and on that basis denies them.

53.     The Post denies the allegations in paragraph 53.

54.      The Post denies the allegations in paragraph 54.

55.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and on that basis denies them.

56.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis denies them.

57.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and on that basis denies them.

58.     The Post denies the allegation in paragraph 58.

59.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and on that basis denies them.

60.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and on that basis denies them.

61.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and on that basis denies them.

62.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and on that basis denies them.

63.     The Post denies the allegations in paragraph 63 or lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

64.     The Post denies the allegations in paragraph 64.

65.     The Post denies the allegations in paragraph 65, except to admit that Kaya Taitano posted an approximately 59-second video at 7:33 p.m. eastern time on January 18, 2019, and that Taitano posted a video of approximately 3 minutes and 44 seconds.

66.     The Post denies the allegations concerning the two Taitano videos, which speak for themselves.

67.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and on that basis denies them, except to admit that the Twitter

7

account @2020fight had approximately 40,000 followers on or around January 18, 2019, and the @2020fight account posted video of the encounter between Plaintiff and Phillips at 11:13 p.m. eastern time on January 18, 2019, with the caption: "This MAGA loser gleefully bothering a Native American protestor at the Indigenous Peoples March."

68. The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and on that basis denies them, except to admit the @2020fight Video is reported to have been viewed at least 2.5 million times before it was suspended no later than January 21.[1]

69. The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and on that basis denies them.

70. The Post denies the allegations in paragraph 70.

71. The Post denies the allegations in paragraph 71.

72. The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and on that basis denies them.

73. The Post denies the allegations in paragraph 73.

74. The Post denies the allegations in paragraph 74, except to admit that it published an article on January 22, 2019, concerning the @2020fight Twitter account, which article speaks for itself.

75. The Post denies the allegations in paragraph 75.

76. The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and on that basis denies them.

---

[1] Paragraph 68 of the First Amended Complaint appears to contain a typographical error when it alleges that the @2020fight video is reported to have been viewed at least "2,500,000 million times."

77.     The Post denies the allegations in paragraph 77, except to admit that it published an article about the incident on the afternoon of January 19, 2019.

78.     The Post denies the allegations in paragraph 78.

79.     The Post denies the allegations in paragraph 79, except to admit that the bylines Antonio Olivo, Cleve R. Wootson Jr., and Joe Heim were listed on the Post's first print article, and that Heim was credited as a contributor in the online version of the article and given a byline as that online version was updated later in the day.

80.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and on that basis denies them.

81.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and on that basis denies them.

82.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and on that basis denies them, except to admit that a video attributed to Shar Yaqataz Banyamyan, one of the Hebrew Israelites, is available on YouTube at the link provided.

83.     The Post denies the allegations in paragraph 83.

84.     The Post denies the allegations in paragraph 84.

85.     The Post denies the allegations in paragraph 85, except to admit that the tweets cited in this paragraph contain links to videos, which speak for themselves.

86.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and on that basis denies them.

87.     The Post denies the allegations in paragraph 87, except to admit that counsel for Plaintiff produced a nearly 14-minute video titled "Nick Sandmann:  The Truth in 15 Minutes" that is available on YouTube at the link provided in this paragraph.

88.     The Post denies that the Sandmann Video accurately sets forth the truth of the January 18 incident.  The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Banyamyan Video and on that basis denies them.

89.     The Post denies the allegations in paragraph 89.

90.     The Post denies the allegations in paragraph 90.

91.     The Post denies the allegations in paragraph 91, except to admit that Plaintiff issued a written public statement on the evening of January 20, 2019, and that a copy of that public statement is attached as Exhibit A to the First Amended Complaint.

92.     The Post denies the allegations in paragraph 92, except to admit that Plaintiff gave an interview to Savannah Guthrie that aired on NBC's *Today* show on January 23, 2019.

93.     The Post denies the allegations in paragraph 93.

94.     The Post denies the allegations in paragraph 94, except to admit that the Diocese of Covington issued a public statement on January 19, 2019, which statement speaks for itself.

95.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and on that basis denies them, except to admit that the Diocese of Covington retained Greater Cincinnati Investigation, Inc. ("GCI").

96.     The Post admits that the Diocese of Covington published a statement dated January 22 at the link provided in paragraph 96, which statement speaks for itself.

97.     The Post denies the allegations in paragraph 97, except to admit that the Diocese of Covington issued a letter to the parents of Covington Catholic students dated January 25, 2019, a

10

copy of which is attached to the First Amended Complaint as Exhibit B, which letter speaks for itself.

98.    The Post admits that GCI issued a Final Investigative Report, a copy of which is attached to the First Amended Complaint as Exhibit C.

99.    The Post denies the allegations in paragraph 99, except to admit that Bishop Foys issued a letter to Covington Catholic High School parents, a copy of which is attached to the First Amendment Complaint as Exhibit D, which letter speaks for itself.

100.    The Post denies the allegations in paragraph 100.

101.    The Post denies the allegations in paragraph 101, except to admit that GCI issued a Final Investigative Report, which report speaks for itself.

102.    The Post denies the allegations in paragraph 102, except to admit that GCI issued a Final Investigative Report, which report speaks for itself.

103.    Paragraph 103 states legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

104.    Paragraph 104 states legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

105.    The Post denies the allegations in paragraph 105.

106.    The Post denies the allegations in paragraph 106.

107.    Paragraph 107 contains legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

108.    The Post denies the allegations in paragraph 108, except to admit it published two articles referencing Nathan Phillips before January 19, 2019.

109.    The Post denies the allegations of paragraph 109, except to admit that it published an article headlined "Cause Celebre" on November 5, 1999, which article speaks for itself.

110.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and on that basis denies them, except to admit that its November 5, 1999, article reported that Phillips and other members of the Native Youth Alliance would maintain a month-long vigil on the Washington memorial grounds, that its article quoted Phillips stating "'I visited Leonard [in prison], and he told me to stay in the area . . . to bring attention to all issues facing Native Americans, not just his own case,'" and that its article quoted Phillips stating that he held more than 500,000 signatures on a petition demanding the release of Peltier.

111.    The Post admits the allegations in paragraph 111.

112.    The Post denies the allegations in paragraph 112, except to admit that the article quoted Phillips stating:  "'We're here to pray for those who are suffering, and to remind people that a lot of American Indians don't have too much to be thankful for.'"

113.    The Post denies the allegations in paragraph 113.

114.    The Post denies the allegations in paragraph 114.

115.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and on that basis denies them.

116.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and on that basis denies them.

117.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and on that basis denies them.

118.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and on that basis denies them.

119.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 and on that basis denies them, except to admit that the Governor of North Dakota ordered the emergency evacuation of protestors at the main camp near the Dakota Access Pipeline.

120.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and on that basis denies them, except to admit that Nathan Phillips sang the American Indian Movement song during the January 18, 2019, incident.

121.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and on that basis denies them.

122.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and on that basis denies them.

123.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and on that basis denies them.

124.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and on that basis denies them.

125.     The Post denies the allegations in paragraph 125.

126.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and on that basis denies them.

127.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 and on that basis denies them.

128.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 and on that basis denies them.

13

129.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and on that basis denies them.

130.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 and on that basis denies them.

131.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and on that basis denies them, except to admit that Nathan Phillips sang the American Indian Movement song during the January 18, 2019, incident.

132.     The Post denies the allegations in paragraph 132, except to admit that it initially reported on January 19, 2019, that Phillips fought in the Vietnam War, before correcting the article to state that Phillips served in the U.S. Marines but did not deploy to Vietnam.

133.     The Post denies the allegations in paragraph 133, except to admit that it published a news article on January 23, 2019, headlined "Nathan Phillips, man at center of standoff with Covington teens, misrepresented his military history," which article speaks for itself.

134.     The Post admits the allegations in paragraph 134.

135.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and on that basis denies them.

136.     The Post denies the allegations in paragraph 136, except to admit that it issued a correction on January 22, 2019, stating that Phillips had served in the U.S. Marines but had not deployed to Vietnam.

137.     The Post denies the allegations in paragraph 137, except to admit that it updated the language of the correction on January 22, 2019.

138.     The Post denies the allegations in paragraph 138, except to admit that it published a news article in November 2000 that referred to Phillips and his family.

139.    The Post admits the allegations in paragraph 139.

140.    The Post denies the allegations in paragraph 140, except to admit that a Post columnist wrote a column that was published on January 22, 2019, which speaks for itself.

141.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 and on that basis denies them, except to admit that, according to news reports, Phillips claimed to have been verbally attacked in 2015 by a group of college students.

142.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 and on that basis denies them, except to admit that Fox 2 published an article headlined "Native American claims racial harassment by EMU students dressed as Indians" on or about April 22, 2015, which article speaks for itself.

143.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 and on that basis denies them, except to admit that Fox 2 published an article headlined "Native American claims racial harassment by EMU students dressed as Indians" on or about April 22, 2015, which article speaks for itself.

144.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and on that basis denies them, except to admit that Fox 2 published an article headlined "Native American claims racial harassment by EMU students dressed as Indians" on or about April 22, 2015, which article speaks for itself.

145.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 and on that basis denies them, except to admit that Fox 2 published an article headlined "Native American claims racial harassment by EMU students dressed as Indians" on or about April 22, 2015, which article speaks for itself.

15

146.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and on that basis denies them, except to admit that Fox 2 published an article headlined "Native American claims racial harassment by EMU students dressed as Indians" on or about April 22, 2015, which article speaks for itself.

147.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 and on that basis denies them.

148.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 and on that basis denies them, except to admit that Indian Country Today published an article headlined "University Party in MI Reveals Unsafe Climate for Native American Students" on April 25, 2015, which article speaks for itself.

149.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 and on that basis denies them.

150.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 and on that basis denies them.

151.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and on that basis denies them.

152.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 and on that basis denies them.

153.     The Post denies the allegations in paragraph 153.

154.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and on that basis denies them.

155.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and on that basis denies them.

156.    The Post admits the allegations in paragraph 156.

157.    The Post denies the allegations in paragraph 157.

158.    The Post admits the allegations in paragraph 158.

159.    The Post denies the allegations in paragraph 159, except to admit that the Associated Press published a news article concerning the Lincoln Memorial incident on or about January 21, 2019, which article speaks for itself.

160.    The Post admits the allegations in paragraph 160.

161.    The Post admits the allegations in paragraph 161.

162.    The Post denies the allegations in paragraph 162, except to admit that Democracy Now! published a video including an interview of Nathan Phillips, which video speaks for itself.

163.    The Post admits that the statements quoted in paragraph 163 are selected quotations from the first print article but avers that these quotations must be evaluated within the context of the entire article, which is the best evidence of its contents.

164.    The Post admits that the statement quoted in paragraph 164 are selected quotations from the second print article but avers that these quotations must be evaluated within the context of the entire article, which is the best evidence of its contents.

165.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 and on that basis denies them.

166.    The Post denies the allegations in paragraph 166, except to admit that the first print article reported, based on the account of Chase Iron Eyes, that the incident ended when Phillips and other activists walked away.

167.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 and on that basis denies them.

17

168.    The Post denies the allegations in paragraph 168.

169.    The Post admits the allegations in paragraph 169.

170.    The Post denies the allegations in paragraph 170, except to admit that it sponsored an advertisement during the Super Bowl on February 3, 2019, which advertisement speaks for itself.

171.    The Post admits the allegations in paragraph 171.

172.    The Post admits that it had approximately 1.5 million digital subscribers as of January 2019.

173.    The Post admits that it maintains a presence on Twitter but denies that it had 14 million Twitter followers as of January 2019.

174.    The Post admits that it maintains a presence on Facebook but denies that it had 6.3 million Facebook followers as of January 2019.

175.    The Post admits the allegations in paragraph 175.

176.    The Post admits that it publishes articles on its web site, www.washingtonpost.com, some of which also appear in the printed newspaper.

177.    The Post admits that, according to Comscore, the Post's web site had 86.6 million unique visitors in January 2019.

178.    The Post admits that it has a Policies and Standards page on its web site, which page speaks for itself.

179.    The Post denies the allegations in paragraph 179, except to admit that it has a Policies and Standards page on its web site, which page speaks for itself.

180.     The Post denies the allegations in paragraph 180, except to admit it published its first online news article concerning the incident at the Lincoln Memorial around 4:30 p.m. on January 19, 2019.

181.     The Post admits that one of its editors assigned reporters on Saturday to cover the January 18 incident.

182.     The Post admits that reporter Antonio Olivo, who received a byline for the First Article, began trying to contact Nathan Phillips on Saturday morning.

183.     The Post admits the allegations in paragraph 183.

184.     The Post denies the allegations in paragraph 184, except to admit that reporter Antonio Olivo retweeted a post by Alyssa Milano, which retweet speaks for itself.

185.     The Post denies the allegations in paragraph 185, except to admit that reporter Joe Heim retweeted video of the Lincoln Memorial incident before the Post's first online article and Sunday print article were published.

186.     The Post denies the allegations in paragraph 186.

187.     The Post denies the allegations in paragraph 187.

188.     The Post denies the allegations in paragraph 188, except to admit that some Post articles are available through Apple News.

189.     The Post denies the allegations in paragraph 189.

190.     The Post denies the allegations in paragraph 190.

191.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 and on that basis denies them.

192.     The Post denies the allegations in paragraph 192.

193.     The Post denies the allegations in paragraph 193.

19

194.    The Post denies the allegations in paragraph 194, except to admit that the current version of the First Article contains several thousand comments, which speak for themselves.

195.    The Post denies the allegations in paragraph 195, except to admit that members of the public tweeted in response to the Post's January 19 tweets concerning the Lincoln Memorial incident, which tweets speak for themselves.

196.    The Post denies the allegations in paragraph 196.

197.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 and on that basis denies them.

198.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 and on that basis denies them.

199.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 and on that basis denies them.

200.    The Post denies the allegations in paragraph 200.

201.    The Post denies the allegations in paragraph 201, except to admit that President Trump published a Tweet on January 13, 2019, referring to Senator Elizabeth Warren as "Pocahontas" and invoking the Wounded Knee massacre.

202.    The Post denies the allegations in paragraph 202, except to admit that the Post published articles containing the quotes in paragraphs 202(b), (c), and (d).

203.    The Post admits that it published the first article quoted in paragraph 203, which article speaks for itself.  The Post denies the allegations concerning the second article quoted in that paragraph, except to admit it published an article on January 22, 2019, headlined:  "A viral story spread.  The mainstream media rushed to keep up.  The Trump Internet pounced," which article speaks for itself.

20

204.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204 and on that basis denies them.

205.    The Post denies the allegations in paragraph 205.

206.    The Post denies the allegations in paragraph 206.

207.    The Post denies the allegations in paragraph 207.

208.    The Post denies the allegations in paragraph 208.

209.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 and on that basis denies them, except to admit that reporter Joe Heim retweeted the viral video and described it as "[u]nbelievably disturbing scenes/video of high school kids mocking Native American elders on the steps of the Lincoln Memorial yesterday."

210.    The Post admits the allegations in paragraph 210.

211.    The Post admits that it has published a feature on its web site called "Seeing Isn't Believing:  The Fact Checker's guide to manipulated video," which guide speaks for itself.

212.    The Post admits that it has published a feature on its web site called "Seeing Isn't Believing:  The Fact Checker's guide to manipulated video," which guide speaks for itself.

213.    The Post denies the allegations in paragraph 213.

214.    The Post denies the allegations in paragraph 214.

215.    The Post denies the allegations in paragraph 215, except to admit that Fox 40 published "A Note to Our Viewers About Our Covington Coverage," which note speaks for itself.

216.    The Post denies the allegations in paragraph 216.

217.    The Post denies the allegations in paragraph 217, except to admit that it published certain Editor's Notes online and in print, as well as a correction to a single online article, on March

1, 2019, 10 days after Plaintiff filed suit against the Post.  The Editor's Notes and the correction speak for themselves.

218.    The Post denies the allegations in paragraph 218.

219.    The Post admits that it publishes Policies and Standards on its web site, which Polices and Standards speak for themselves.

220.    The Post denies the allegations in paragraph 220, except to admit that it publishes Policies and Standards on its web site, which Policies and Standards speak for themselves.

221.    The Post admits the allegations in paragraph 221.

222.    The Post admits it published an Editor's Note to its online article of January 19, 2019, but denies that what Plaintiff describes as the First Article and Second Article were separate articles, as opposed to different versions of the same article.

223.    The Post admits the allegations in paragraph 223.

224.    The allegations in paragraph 224 pertain to an article that is not at issue in this case, and as a result no response is required.  *See* Order, Dkt. No. 64, at 2.

225.    The allegations in paragraph 225 pertain to an article that is not at issue in this case, and as a result no response is required.  *See* Order, Dkt. No. 64, at 2.

226.    The allegations in paragraph 226 pertain to an article that is not at issue in this case, and as a result no response is required.  *See* Order, Dkt. No. 64, at 2.

227.    The Post denies the allegations in paragraph 227, except to admit that it deleted a January 19, 2019, tweet that quoted Nathan Phillips and posted a tweet that included a link to the standalone "Editor's note related to Lincoln Memorial incident," which speaks for itself.

228.    The Post denies the allegations in paragraph 228, except to admit that it published certain Editor's Notes in print and online, which Editor's Notes speak for themselves.

229.    The Post denies the allegations in paragraph 229.

230.    The Post denies the allegations in paragraph 230.

231.    The Post denies the allegations in paragraph 231, except to admit it published an article headlined "'Fuller picture': How major media outlets handled their evolving accounts of the Covington story," which article speaks for itself.

232.    The Post denies the allegations in paragraph 232, except to admit that columnist Megan McArdle posted a string of tweets on January 23, 2019, which tweets speak for themselves.

233.    The Post admits the allegations in paragraph 233.

234.    The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 and on that basis denies them, except to admit that Covington Catholic is an all-male Catholic school located in Park Hills, Kentucky.

235.    The Post admits the allegations in paragraph 235, except to clarify that it is a limited liability company.

236.    The Post admits the allegations in paragraph 236.

237.    The Post denies that Plaintiff is entitled to any award of damages, but it admits he is seeking damages in excess of $75,000.

238.    Paragraph 238 states a legal conclusion to which no response is required.

239.    The Post admits that, among daily newspapers, it has one of the largest print circulations and one of the largest number of online subscribers in the country.

240.    The Post denies the allegations in paragraph 240, except to admit that it has online subscribers and a limited number of mail delivery subscribers in Kentucky.

23

241.    The Post denies the allegations in paragraph 241, except to admit that its online articles are available to readers in Kentucky, and that it has a limited number of mail delivery subscribers in Kentucky.

242.    The Post denies the allegations in paragraph 242.

243.    The Post denies the allegations in paragraph 243.

244.    The Post denies the allegations in paragraph 244.

245.    The Post denies the allegations in paragraph 245.

246.    Paragraph 246 states a legal conclusion to which no response is required.

247.    Paragraph 247 states a legal conclusion to which no response is required.

248.    The Post repeats and incorporates by reference its responses to paragraphs 1 through 247 above.

249.    The Post denies the allegations stated in paragraph 249.

250.    The Post denies the allegations stated in paragraph 250, except to admit that the Post published an online article headlined "'It was getting ugly': Native American drummer speaks on MAGA-hat wearing teens who surrounded him" at 4:22 p.m. eastern time on January 19, 2019, and that the current version of the article may be viewed at the link provided.

251.    The Post denies the allegations in paragraph 251.

252.    The Post denies the allegations in paragraph 252.

253.    The Post denies the allegations in paragraph 253.

254.    The Post denies the allegations in paragraph 254.

255.    The Post denies the allegations in paragraph 255.

256.    The Post denies the allegations in paragraph 256.

257.    The Post denies the allegations in paragraph 257.

258.     The Post denies the allegations in paragraph 258.

259.     The Post denies the allegations in paragraph 259.

260.     The Post denies the allegations in paragraph 260.

261.     The Post denies the allegations in paragraph 261.

262.     The allegations in paragraph 262 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

263.     Paragraph 263 contains statements that are no longer at issue in the case, and to that extent no response is required.  *See* Order, Dkt. No. 64, at 2.  The Post admits it published the statement in paragraph 243(e) but denies that that statement was false or defamatory.

264.     The Post denies the allegations in paragraph 264, except to admit that the current version of its article headlined "'It was getting ugly':  Native American drummer speaks on his encounter with MAGA-hat wearing teens" is available at the link provided.

265.     The Post denies the allegations in paragraph 265.

266.     Paragraph 266 refers to a statement that is no longer at issue in the case, and as a result no response is required.  *See* Order, Dkt. No. 64, at 2.  To the extent a response is required, the Post denies the allegations in paragraph 266.

267.     The Post denies the allegations in paragraph 267.

268.     The Post denies the allegations in paragraph 268.

269.     The Post denies the allegations in paragraph 269.

270.     The Post denies the allegations in paragraph 270.

271.      Paragraph 271 refers to a statement that is no longer at issue in the case, and as a result no response is required.  *See* Order, Dkt. No. 64, at 2.  To the extent a response is required, the Post denies the allegations in paragraph 271.

272.     The Post denies the allegations in paragraph 272, except to admit that it published an article headlined "Marcher's accost by boys in MAGA caps draws ire" in print on January 20, 2019.

273.     The Post admits the allegations in paragraph 273.

274.     The Post denies the allegations in paragraph 274.

275.     The Post denies the allegations in paragraph 275.

276.     The Post denies the allegations in paragraph 276.

277.     The Post denies the allegations in paragraph 277.

278.     The Post denies the allegations in paragraph 278.

279.     The Post denies the allegations in paragraph 279.

280.     The Post denies the allegations in paragraph 280.

281.     The Post denies the allegations in paragraph 281.

282.     The Post denies the allegations in paragraph 282.

283.     The Post denies the allegations in paragraph 283.

284.     The Post denies the allegations in paragraph 284.

285.     The allegations in paragraph 285 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

286.     Paragraph 286 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and to that extent no response is required.  The Post admits it published the statement in paragraph 286(e) but denies that that statement was false or defamatory.

287.     The Post denies the allegations in paragraph 287, except to admit that it published an online article headlined "Opposed to the dignity of the human person':  Kentucky Catholic

diocese condemns teens who taunted vet at March for Life" on January 20, 2019, and that it tweeted a link to the Fourth Article at the link provided in paragraph 287.

288.     Paragraph 288 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and to that extent no response is required.  To the extent a response is required, the allegations in paragraph 288 are denied.

289.     The Post denies the allegations in paragraph 289.

290.     The Post denies the allegations in paragraph 290.

291.     The Post denies the allegations in paragraph 291.

292.     The Post denies the allegations in paragraph 292.

293.     The Post denies the allegations in paragraph 293.

294.     Paragraph 294 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and to that extent no response is required.  To the extent a response is required, the allegations in paragraph 294 are denied.

295.     The Post denies the allegations in paragraph 295.

296.     The Post denies the allegations in paragraph 296.

297.     The Post denies the allegations in paragraph 297, except to admit that the Fourth Article contains a link to an "unverified, longer video of the event."  The article is the best evidence of its contents.

298.     The Post denies the allegations in paragraph 298.

299.      The Post denies the allegations in paragraph 299.

300.     Paragraph 300 contains legal conclusions to which no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 300.

301.    Paragraph 301 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and to that extent no response is required.  The Post admits it published the statement in paragraph 301(c) but denies that that statement was false or defamatory.

302.    Paragraph 302 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 302, except to admit that it published an online article titled "Most young white men are much more open to diversity than older generations," on January 20, 2019, and that correspondent Philip Bump tweeted a link to the article, which tweet speaks for itself.

303.    Paragraph 303 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 303, except to admit the Fifth Article was edited at least twice and that an "Editor's Note" and a "Clarification" were added.

304.    Paragraph 304 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 304, except to admit that an Editor's Note was added to the Fifth Article on March 1, 2019.

305.    Paragraph 305 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 305.

306.    Paragraph 306 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the

Post denies the allegations in paragraph 306, except to admit that video does not currently accompany the Fifth Article online.

308.     Paragraph 307 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 307.

308.     Paragraph 308 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 308.

309.     Paragraph 309 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 308.

310.     Paragraph 310 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 310.

311.     Paragraph 311 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and contains legal conclusions to which no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 311.

312.     Paragraph 312 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 312, except to admit that it published the Fifth Article, which speaks for itself.

313.     Paragraph 313 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the

Post denies the allegations in paragraph 313, except to admit it published an article headlined "Fuller view emerges of conflict on Mall" on January 21, 2019.

314.    Paragraph 314 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post admits the allegations in paragraph 314.

315.    Paragraph 315 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 315.

316.    Paragraph 316 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 316.

317.    Paragraph 317 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 317, except to admit that it published the Sixth Article, which speaks for itself.

318.    Paragraph 318 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 318, except to admit that the headline of the Sixth Article is "Fuller view emerges of conflict on Mall."

319.    Paragraph 319 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 319.

320.     Paragraph 320 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 320.

321.     Paragraph 321 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 321.

322.     Paragraph 322 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 322.

323.     Paragraph 323 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 323.

324.     Paragraph 324 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and contains legal conclusions to which no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 324.

325.     Paragraph 325 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 325, except to admit it published the Sixth Article, which speaks for itself.

326.     Paragraph 326 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 326, except to admit it published an online article on January 21, 2019, headlined "Viral standoff between a tribal elder and a high schooler is more

complicated than it first seemed" and that the current version of the article is available at the cited link.

327.     Paragraph 327 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 327.

328.     Paragraph 328 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 328.

329.     Paragraph 329 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 329.

330.     Paragraph 330 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 330.

331.     Paragraph 331 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 331.

332.     Paragraph 332 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 332.

333.     Paragraph 333 refers to a publication that is no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 333.

334.    Paragraph 334 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and as a result no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 334, except to admit it published the Seventh Article, which speaks for itself.

335.    The statements in paragraph 335 are not allegations of fact requiring a response.

336.    Subparagraphs 336(a) and (b) refer to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and to that extent no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 336, except to admit that on January 19, 2019, it posted tweets (a), (b), and (c) within the same thread.

337.    The Post denies the allegations in paragraph 337, except to admit that the current version of the tweets can be viewed at the link provided.

338.    Paragraph 338 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and to that extent no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 338.

339.    Paragraph 339 refers to statements that are no longer at issue in the case, *see* Order, Dkt. No. 64, at 2, and to that extent no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 339.

340.    Paragraph 340 contains a legal conclusion to which no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 340.

341.    The statements in paragraph 341 are not allegations of fact requiring a response.

342.    The Post denies the allegations in paragraph 342.

343.    Paragraph 343 contains a legal conclusion to which no response is required.  To the extent a response is required, the Post denies the allegations in paragraph 343.

344.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 344 and on that basis denies them.

345.     The Post denies the allegations in paragraph 345.

346.     The Post denies the allegations in paragraph 346.

347.     The Post denies the allegations in paragraph 347.

348.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348 and on that basis denies them.

349.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 and on that basis denies them.

350.     The Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350 and on that basis denies them.

351.     The Post denies the allegations in paragraph 351.

352.     The Post denies the allegations in paragraph 352.

353.     The Post denies the allegations in paragraph 353.

354.     The Post denies the allegations in paragraph 354.

355.     The Post denies the allegations in paragraph 355.

356.     The Post denies the allegations in paragraph 356.

357.     The Post denies the allegations in paragraph 357.

358.     The Post denies the allegations in paragraph 358.

359.     The Post denies the allegations in paragraph 359.

360.     The Post denies the allegations in paragraph 360.

361.     The Post denies the allegations in paragraph 361.

362.     The Post denies the allegations in paragraph 362.

363.    The Post denies the allegations in paragraph 363.

364.    The Post denies the allegations in paragraph 364.

365.    The Post denies the allegations in paragraph 365.

366.    The Post denies the allegations in paragraph 366.

367.    The Post denies the allegations in paragraph 367.

368.    The Post denies the allegations in paragraph 368.

369.    The Post denies the allegations in paragraph 369.

370.    The Post denies the allegations in paragraph 370.

371.    The Post denies the allegations in paragraph 371.

372.    The Post denies the allegations in paragraph 372.

373.    The Post denies the allegations in paragraph 373.

374.    The Post denies the allegations in paragraph 374.

375.    The Post denies the allegations in paragraph 375.

376.    The Post denies the allegations in paragraph 376.

377.    The Post denies the allegations in paragraph 377.

378.    The Post denies the allegations in paragraph 378.

379.    The Post denies the allegations in paragraph 379.

380.    The Post denies the allegations in paragraph 380.

381.    The Post denies the allegations in paragraph 381.

382.    The Post denies the allegations in paragraph 382.

383.    The Post denies the allegations in paragraph 383.

384.    The Post denies the allegations in paragraph 384.

385.    The Post denies the allegations in paragraph 385.

386.     The Post denies the allegations in paragraph 386.

387.     The Post denies the allegations in paragraph 387.

388.     The Post denies the allegations in paragraph 388.

389.     The Post admits the allegations in paragraph 389.

390.     The Post denies the allegations in paragraph 390.

391.     The Post denies the allegations in paragraph 391.

392.     The Post denies the allegations in paragraph 392.

393.     The Post denies the allegations in paragraph 393.

394.     The Post denies the allegations in paragraph 394.

395.     The Post denies the allegations in paragraph 395.

396.     The Post denies the allegations in paragraph 396.

397.     The Post denies the allegations in paragraph 397.

398.     The Post denies the allegations in paragraph 398.

399.     The Post denies the allegations in paragraph 399.

400.     The Post denies the allegations in paragraph 400.

401.     The Post denies the allegations in paragraph 401.

402.     The Post denies the allegations in paragraph 402 or lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

403.     The Post denies the allegations in paragraph 403.

404.     The Post denies the allegations in paragraph 404.

405.     The Post denies the allegations in paragraph 405.

406.     The Post denies the allegations in paragraph 406.

The Post denies each and every allegation of the paragraphs following the title "Prayer for Relief," that is, subparagraphs (a)-(f), and denies that Plaintiff is entitled to any relief whatsoever.

Any allegation of the First Amended Complaint not expressly admitted herein is hereby denied.

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, the Washington Post asserts the following defenses, all of which are pleaded in the alternative:

1.      The First Amended Complaint fails to state a claim on which relief can be granted.

2.      The challenged statements and implications are not defamatory or defamatory *per se*.

3.      Plaintiff has not alleged, and did not suffer, special damages.

4.      The challenged statements are not reasonably capable of bearing the meanings alleged.

5.      The Post did not intend to convey the implications alleged.

6.      The challenged statements and implications are not "of and concerning" the Plaintiff.

7.      The challenged statements and implications are substantially true.

8.      The challenged statements and implications are matters of opinion that are not capable of being proven true or false.

9.      The challenged statements and implications were not published with negligence as to their truth or falsity.

10.      Plaintiff is a public figure for purposes of this case, and the Post did not publish with actual malice—that is, with knowledge of falsity or reckless disregard for the truth.

11.     The challenged publications are protected by and privileged under the doctrine of neutral reportage.

12.     The challenged publications are protected by and privileged under the First Amendment to the Constitution of the United States.

13.     The challenged publications are protected by and privileged under Section 1 of the Kentucky Constitution's Bill of Rights.

14.     Plaintiff did not suffer damages as a result of the publications of which he complains.

15.     To the extent Plaintiff has been harmed, that harm was caused by individuals or entities other than the Post or an individual or entity within the Post's control.

16.     To the extent Plaintiff has been harmed, his claim for damages is barred by the doctrine of assumption of risk.

17.     To the extent Plaintiff has been harmed, he has failed to mitigate his damages.

18.     Plaintiff's claim for punitive damages is barred by the First Amendment to the Constitution of the United States.

19.     Plaintiff's claim for punitive damages is barred by Kentucky Revised Statute 411.051.

20.     Plaintiff's claim for punitive damages is barred by Kentucky Revised Statute 411.184.

21.     Plaintiffs Ted and Julie Sandmann are not real parties in interest and lack both standing and a cause of action to institute or maintain this action other than on behalf of their son, Nicholas Sandmann.  Ted and Julie Sandmann will cease to have any interest in this case

38

whatsoever if Nicholas Sandmann reaches the age of majority during the pendency of this litigation.


Respectfully submitted,

/s/ *Bethany A. Breetz*　　　　　　　　　　　/s/ *Kevin T. Baine*

Philip W. Collier　　　　　　　　　　　　　Kevin T. Baine (*pro hac vice*)
Bethany A. Breetz　　　　　　　　　　　　Thomas G. Hentoff (*pro hac vice*)
STITES & HARBISON, PLLC　　　　　　　Nicholas G. Gamse (*pro hac vice*)
400 West Market Street, Suite 1800　　　　Katherine Moran Meeks (*pro hac vice*)
Louisville, KY 40202　　　　　　　　　　Whitney G. Woodward (*pro hac vice*)
Telephone:  (502) 587-3400　　　　　　　WILLIAMS & CONNOLLY LLP
　　　　　　　　　　　　　　　　　　725 Twelfth Street, N.W.
William G. Geisen　　　　　　　　　　　Washington, DC 20005
STITES & HARBISON, PLLC　　　　　　Telephone:  (202) 434-5000
100 East RiverCenter Boulevard
Suite 450 Covington, KY 41011　　　　　*Counsel for The Washington Post*
Telephone:  (859) 652-7601

*Counsel for The Washington Post*


## Certificate of Service

I hereby certify that on December 11, 2019, I electronically filed the foregoing Answer of the Washington Post with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ Bethany A. Breetz
*Counsel for The Washington Post*